### CORONA CHEMICAL CO. v. LATIMER CHEMICAL CO.

(Circuit Court of Appeals, Eighth Circuit. February 11, 1918.)

No. 4881.

1. PATENTS ☞112(3)—GRANTING OF PATENTS—PRESUMPTION.

The granting of a patent creates the presumption of patentable invention.

2. PATENTS ☞313—INFRINGEMENT—DISMISSAL—VALIDITY OF PATENT.

A patent for an improved acid arsenate of lead in the form of a fine powder cannot, on motion to dismiss a bill for infringement, be declared invalid for want of invention on the ground that the prior art as disclosed by the patent showed nothing new was produced, except a difference

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in degree of fineness of the powder, for in so recondite a science as chemistry a difference in degree may produce revolutionary results, and hence the validity of the patent should be determined by trial on the merits.

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Bill by the Corona Chemical Company against the Latimer Chemical Company. Motion to dismiss the bill was sustained (240 Fed. 423), and complainant appeals. Reversed, with directions.

Russell Wiles, of Chicago, Ill. (W. H. Swenarton, of New York City, and Dyrenforth, Lee, Chritton & Wiles, of Chicago, Ill., on the brief), for appellant.

Walter W. Boughton, of Denver, Colo., for appellee.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

AMIDON, District Judge. This is a suit in equity by the Corona Chemical Company, as plaintiff, against the Latimer Chemical Company, as defendant, charging infringement of Hall patent, No. 1,064,-639. The patent is for acid arsenate of lead in the form of fine powder, whereas the substance in the prior art had been in the form of paste. The patentee claims for his arsenate a distinct improvement in its adaptation for use as an insecticide. Defendant moved under the equity rules to dismiss the bill. The patent was attached to the bill. The court read it and the prior art as therein described, and ruled that plaintiff's invention produced nothing but a difference in degree of fineness of the powder, and dismissed the bill on the ground that this did not involve patentable invention.

[1, 2] There is nothing either in the patent or the bill to support the broad conclusion at which the court arrived. It is true that the patent disclosed that the powder of the patentee was finer than prior powders of the same substance, and to that extent the powder shows a difference in degree; but it was an unwarranted inference to say that the difference in degree did not produce a difference in the function of the substance when applied as an insecticide in the spraying of fruit trees. That was an inference upon which the plaintiff was entitled to a trial upon the merits. The granting of a patent creates a presumption of patentable invention. In so recondite a science as chemistry a difference in degree may produce revolutionary results. Mineral Separation Co. v. Hyde, 242 U. S. 261, 37 Sup. Ct. 82, 61 L. Ed. 286. It would be an exceptional case which would justify striking down a patent in such a field on demurrer to the bill. We express no opinion as to plaintiff's patent, but simply hold that he is entitled to a trial.

The case is reversed, with directions to the trial court to overrule the motion to dismiss, and permit the defendant to answer, and then proceed with the trial of the case.